## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

**Civil Action No.** _____

Lisa Burke**, Plaintiff,**

**v.**

NCO Financial Systems, Inc.**, Defendant.**

## COMPLAINT

### PARTIES

1. Plaintiff Lisa Burke is a citizen of Colorado who presently resides at the following address: 9602 W. Unser Ave. Littleton, CO 80128.

2. Defendant NCO Financial Systems, Inc. is a citizen of Colorado who is located at the following address: The Corporation Company, 1675 Broadway, STE 1200, Denver, CO, 80202

### JURISDICTION

3. Jurisdiction is founded on 28 U.S.C. §1331 pursuant to the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. §1692 and under the doctrine of Supplemental Jurisdiction pursuant to 28 U.S.C. §1367(a). Venue is proper because a substantial part of the events giving rise to this claim occurred in this judicial district.

### BRIEF FACTUAL BACKGROUND

4. Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3).

5. Plaintiff incurred a "debt" as defined by 15 U.S.C. §1692a(5).

6. At the time of the communications referenced herein, Defendant either owned the debt or was retained by the owner to collect the debt.

7. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

8. Plaintiff filed this claim within the timeframe permitted under the FDCPA.

9. On or around October 6, 2008, Defendant telephoned Plaintiff's mother ("Mother") and left a recorded voice message.

10. During this communication, Defendant disclosed the existence, nature, and/or amount of the debt to Mother.

11. During this communication, Defendant represented to Mother that, unless Plaintiff called contact Defendant that day, Defendant would pursue legal action against Plaintiff.

12. On or around October 6, 2008 Defendant telephoned Plaintiff's sister ("Sister") and left a recorded voice message.

13. During this communication, Defendant disclosed the existence, nature, and/or amount of the debt to Sister.

14. During this communication, Defendant represented to Sister that, unless Plaintiff called contact Defendant that day, Defendant would pursue legal action against Plaintiff.

15. On or around October 6, 2008, Plaintiff telephoned Defendant.

16. During this communication, Plaintiff notified Defendant that Plaintiff did not live with Mother or Sister and requested that Defendant cease all further communications with Mother and Sister.

17. During this communication, Defendant abruptly ended the communication.

18. On or around October 6, 2008, Plaintiff telephoned Defendant.

19. During this communication, Plaintiff again requested that Defendant cease all further communications with Mother and Sister.

20. During this communication, Defendant stated that Defendant would recommend to the original creditor that legal action be taken against Plaintiff.

21. On or around October 9, 2008, Defendant telephoned Plaintiff and left a recorded voice message.

22. During this communication, Defendant represented to Plaintiff that, unless Plaintiff contacted defendant that day, Defendant would take legal action against Plaintiff in Jefferson County.

23. On or around October 10, 2008, Defendant telephoned Plaintiff and left a recorded voice message.

24. During this communication, Defendant represented to Plaintiff that, unless Plaintiff contacted Defendant that day, Defendant would take legal action against Plaintiff.

25. At the time of the communications referenced above, Defendant had neither the intent nor ability to take legal action against Plaintiff.

26. Defendant damaged Plaintiff emotionally and mentally and caused Plaintiff substantial anxiety and stress.

27. Defendant violated the FDCPA.

<u>**FIRST CLAIM FOR RELIEF**</u>

**Violation of the Fair Debt Collection Practices Act**

28. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

29. Defendant violated 15 U.S.C. §1692c in that it communicated with a third party and failed to comply with 15 U.S.C. §1692b.

## SECOND CLAIM FOR RELIEF

### Violation of the Fair Debt Collection Practices Act

30. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

31. Defendant violated 15 U.S.C. §1692c in that it communicated with a third party disclosed that Plaintiff owed the debt.

## THIRD CLAIM FOR RELIEF

### Violation of the Fair Debt Collection Practices Act

32. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

33. Defendant violated 15 U.S.C. §1692e in that it falsely represented the character, amount, and/or legal status of the debt.

## FOURTH CLAIM FOR RELIEF

### Violation of the Fair Debt Collection Practices Act

34. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

35. Defendant violated 15 U.S.C. §1692e in that it threatened action that could not legally be taken and/or that was not intended to be taken.

## FIFTH CLAIM FOR RELIEF

### Violation of the Fair Debt Collection Practices Act

36. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

37. Defendant violated 15 U.S.C. §1692e by making misrepresentations during its communications with Plaintiff.

## SIXTH CLAIM FOR RELIEF

### Violation of the Fair Debt Collection Practices Act

38. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

39. The Defendant violated 15 U.S.C. §1692f in that its actions were unfair and/or unconscionable means to collect the debt.

## SEVENTH CLAIM FOR RELIEF

### Invasion of Privacy by Public Disclosure of a Private Fact

40. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

41. Defendant released information which was private to Plaintiff and concerned Plaintiff's private life to Plaintiff's Mother and Sister.

42. Defendant's disclosure of Plaintiff's debt and the threat of legal action to these persons is highly offensive.

43. The information disclosed is not of legitimate concern to the public.

## EIGHTH CLAIM FOR RELIEF

### Invasion of Privacy by Intrusion upon Seclusion

44. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

45. Defendant intentionally interfered, physically or otherwise, with Plaintiff's solitude, seclusion, and or private concerns.

46. Defendant intentionally caused harm to Plaintiff's emotional well being by engaging in highly offensive conduct in the course of collecting a debt, as described herein.

47. Plaintiff has a reasonable expectation of privacy in Plaintiff's solitude, seclusion, and or private concerns or affairs.

48. The intrusion by Defendant occurred in a way that would be highly offensive to a reasonable person in that position.

49. As a result of such invasions of privacy, Plaintiff is entitled to actual damages in an amount to be determined at trial.

## **JURY DEMAND**

50. Plaintiff demands a trial by jury.

## **PRAYER FOR RELIEF**

51. Plaintiff prays for the following relief:

    a.  Judgment against Defendant for actual damages, statutory damages, and costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692k.

    b.  Judgment, in an amount to be determined at trial, against Defendant for the Invasion of Privacy by Intrusion upon Seclusion.

    c.  Judgment, in an amount to be determined at trial, against Defendant for the Invasion of Privacy by Public Disclosure of a Private Fact.

    d.  For such other legal and/or equitable relief as the Court deems appropriate.

RESPECTFULLY SUBMITTED,

MACEY & ALEMAN, P.C.

By: */s/ Richard J. Meier*
Richard J. Meier
Jeffrey S. Hyslip
Sears Tower, Suite 5150
Chicago, IL 60606
Tel: 866.339.1156
Fax: 312.822.1064
rjm@legalhelpers.com
jsh@legalhelpers.com
*Attorneys for Plaintiff*